a

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN HENRY SCOTT JR #750028, Plaintiff | CIVIL DOCKET NO. 1:21-CV-00204 SEC P |
| VERSUS | JUDGE JOSEPH |
| C/O HALL ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### MEMORANDUM ORDER

Before the Court is a is a civil rights Complaint under 42 U.S.C. § 1983 filed by *pro se* Plaintiff John Henry Scott, Jr. ("Scott") (DOC #750028). Scott is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Elayn Hunt Correctional Center ("EHCC") in St. Gabriel, Louisiana. Scott alleges that his constitutional rights were violated at the Rapides Parish Detention Center-3 ("RPDC-3") by Defendants Officer Hall, Officer Belgard, Officer Dauzart, Officer Dauzart, Officer Welch, and Nurse Felicia. He seeks monetary damages and asks to be released from custody.

Because additional facts are necessary to support his claim, Scott must AMEND his Complaint.

### I.    Background

Scott alleges that he was assaulted by Officer Hall on January 26, 2020 at RPDC-3. ECF No. 1 at 3. Scott alleges that he was resting after having a seizure that morning. His bed had been stripped after officers had checked the dorm, and

1

Scott was allegedly given another inmate's dirty sheets to put on his bed. *Id.* Scott objected, and Officer Hall "started poking/pushing aggressively" at Scott's chest. *Id.* at 4. Scott alleges that when he started to walk away, Officer Hall ordered him to step into the hallway. Scott stepped into the "cuffing cage" with his hands behind his back. He was then "thrown into [the] wall" and "slammed onto the floor." *Id.* Scott alleges that he lost consciousness, and when he regained consciousness, he was being punched in the face and head. *Id.* Scott states that knees were pressed into his back while his arms and hands were behind him. *Id.*

Scott alleges that Officers Belgard, Dauzart, Dauzart, and Welch laughed, teased, and taunted him. *Id.* Scott alleges that after the attack Defendants stated "that's for the kid."[1]

Scott was allegedly returned to his dorm without receiving medical attention. *Id.* at 5. After the shift change, Scott told Lt. Eldridge about his injuries, and Scott was "rushed to St. Francis Cabrini ER" by ambulance. *Id.* After examination, Scott was diagnosed with a concussion. An MRI was recommended once swelling decreased. *Id.*

Scott alleges that he requested medical care on January 28, 2020, but Nurse Felicia said he needed to see the physician due to the extent of his injures. *Id.* at 6. However, no appointment was made with the physician. The following day, Scott requested to be brought to the hospital, but his request was denied. No medical care was provided. *Id.* at 7. On February 6, 2020, Scott made another sick call request.

_____

[1] Scott was involved in a motor vehicle accident that resulted in a child's death. ECF No. 1 at 5-6.

No care was provided, but the nurse stated that Scott needed to be transferred to EHCC. *Id.* On February 9, 2020, Scott alleges that he requested medical attention, but received no response. *Id.* on February 10, 2020, he was transferred to EHCC.

An x-ray was taken after Scott was transferred to EHCC, which revealed a fracture to the upper jaw and eye socket and the shoulder or shoulder blade. *Id.* at 8.

Scott alleges that he continues to suffer from dizziness, shaking, stomach/hip pain, bloody stool, migraine headaches, jaw popping, sharp pain behind his eyes, loss of vision in his left eye, right elbow and shoulder pain, and numbness in his hand. ECF No. 1 at 6.

## II.   Law and Analysis

### A.   Scott cannot obtain a release from custody through a civil rights suit.

Scott asks that he be released from custody.  However, a release cannot be obtained through a § 1983 suit.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (when an inmate challenges the fact or duration of his confinement and seeks an immediate or speedier release, his sole federal remedy is a writ of habeas corpus).

### B.   Scott must allege deliberate indifference by Defendant Nurse Felicia.

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with deliberate indifference to the serious medical needs of prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).  Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted).  An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar

3

conduct that would clearly evidence a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't Crim. J.,* 239 F.3d 752, 756 (5th Cir. 2001) (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Scott alleges that Nurse Felicia did not provide him medical care on January 28, 2020, February 6, 2020, and February 9, 2002.  ECF No. 1 at 6-7.  Scott states that Nurse Felicia informed him he would need to be transferred to EHCC for medical care.  *Id.*  Scott must amend his Complaint to allege deliberate indifference by Nurse Felicia.  That is, he should allege facts showing a wanton disregard for his serious medical needs.

C.   <u>Scott must amend to provide factual allegations regarding Defendants Belgard, Dauzart, Dauzart, and Welch.</u>

Scott alleges that Defendant Hall physically assaulted him, and that Officers Dauzart, Dauzart, Welch, and Belgard taunted and teased him.  ECF  No. 1 at 4. However, verbal threats or taunts, without more, do not support a claimed constitutional violation. *See Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir. 1993); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

Scott does not state whether the other officers participated in or were present for the alleged attack.  He must amend his Complaint accordingly to state what each of these Defendants did to violated Scott's constitutional rights.

III.   <u>Conclusion</u>

Because Scott must provide additional allegations to support his claim, IT IS ORDERD that he AMEND his Complaint within 30 days of the filing of this Order,

specifically providing the information outlined above, or dismissal of this action will

be recommended under Rule 41(b) of the Federal Rules of Civil Procedure.

     SIGNED on Monday, February 8, 2021.

_____

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

5