a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN HENRY SCOTT JR #750028,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-00204<br>SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| C/O HALL ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a is a civil rights Complaint under 42 U.S.C. § 1983 filed by *pro se* Plaintiff John Henry Scott, Jr. ("Scott") (DOC #750028). Scott is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Elayn Hunt Correctional Center ("EHCC") in St. Gabriel, Louisiana. Scott alleges that his constitutional rights were violated at the Rapides Parish Detention Center-3 ("RPDC-3") by Defendants Officer Hall, Officer Belgard, Officer Dauzart, Officer Dauzart, Officer Welch, Warden Goudeau, and Nurse Felicia. He seeks monetary damages and asks to be released from custody.

Because Scott fails to state a claim against some of the named Defendants, his Complaint should be partially DENIED and DISMISSED.

I. Background

Scott alleges that he was assaulted by Officer Hall on January 26, 2020 at RPDC-3. ECF No. 1 at 3. Scott alleges that he was resting after having a seizure that morning. His bed had been stripped after officers checked the dorm, and Scott

1

was allegedly given another inmate's dirty sheets to put on his bed. *Id.* Scott objected, and Officer Hall "started poking/pushing aggressively" at Scott's chest. *Id.* at 4. Scott alleges that when he started to walk away, Officer Hall ordered him to step into the hallway. Scott stepped into the "cuffing cage" with his hands behind his back. He was then "thrown into [the] wall" and "slammed onto the floor." *Id.* Scott alleges that he lost consciousness, and when he regained consciousness, he was being punched in the face and head. *Id.*

Scott alleges that Officers Belgard, Dauzart, Dauzart, and Welch laughed, teased, and taunted him after the attack, stating: "That's for the kid."[1] After the incident, Warden Goudeau asked Scott and Officer Hall what happened. He also reviewed the videotape. ECF No. 1 at 5. Warden Goudeau then instructed Officer Hall to return Scott to his dorm, and Goudeau stated that he would "forget" about the incident. *Id.* Scott alleges he was returned to his dorm without receiving medical attention despite his obvious injuries. *Id.* at 5.

After the shift change, Scott told Lt. Eldridge about his injuries, and Scott was "rushed to St. Francis Cabrini ER" by ambulance. *Id.* After examination, Scott was diagnosed with a concussion. An MRI was recommended once swelling decreased. *Id.*

Scott alleges that he requested medical care on January 28, 2020, but Nurse Felicia said he needed to see the physician due to the extent of his injuries. *Id.* at 6. However, Scott was not seen by a physician. The following day, Scott requested to be

---

[1] Scott was involved in a motor vehicle accident that resulted in a child's death. ECF No. 1 at 5-6.

brought to the hospital, but his request was denied. Again, no medical care was provided. *Id.* at 7. On February 6, 2020, Scott made another sick call request, but no medical care was provided. *Id.* On February 9, 2020, Scott alleges that he requested medical attention, but he received no response. *Id.* On February 10, 2020, Scott was transferred to EHCC.

Scott alleges that an x-ray was taken after his transfer to EHCC, which revealed fractures to the upper jaw and eye socket and the shoulder or shoulder blade. *Id.* at 8.

Scott alleges that he continues to suffer from dizziness, shaking, stomach/hip pain, bloody stool, migraine headaches, jaw popping, sharp pain behind his eyes, loss of vision in his left eye, right elbow and shoulder pain, and numbness in his hand. ECF No. 1 at 6.

## II. Law and Analysis

### A. Scott's Complaint is subject to preliminary screening under 28 U.S.C. §§ 1915(e)(2) and 1915A.

Scott is an inmate who has been allowed to proceed *in forma pauperis*. ECF No. 4. As a prisoner seeking redress from an officer or employee of a governmental entity, Scott's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (*per curiam*). Because he is proceeding *in forma pauperis*, Scott's Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the Complaint, or any portion thereof, if the Court finds it is

frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

      B.    <u>Scott cannot obtain a release from custody through a civil rights suit.</u>

Scott asks that he be released from custody. However, a release cannot be obtained through a § 1983 suit. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (when an inmate challenges the fact or duration of his confinement and seeks an immediate or speedier release, his sole federal remedy is a writ of habeas corpus).

      C.    <u>Scott fails to state a viable claim against Defendants Belgard, Dauzart, Dauzart, and Welch.</u>

Scott alleges that Defendant Hall physically assaulted him, and that Officers Dauzart, Dauzart, Welch, and Belgard taunted and teased him. ECF No. 1 at 4. Scott was instructed to amend his Complaint to state whether these Defendants participated in or were present for the alleged attack. Scott's Amended Complaint fails to present any allegations against Officers Dauzart, Dauzart, Welch, and

4

Belgard.  Therefore, the only claim against Dauzart, Dauzart, Welch, and Belgard is for taunting and teasing.

Verbal threats or taunts, without more, do not support a claimed constitutional violation.  *See Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir. 1993); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  Therefore, the claim against these Defendants should be dismissed.

### III.  Conclusion

Because Scott fails to state a claim against Defendants Dauzart, Dauzart, Welch, and Belgard, IT IS RECOMMENDED that his claims against these Defendants be DENIED and DISMISSED WITH PREJUDICE.  Additionally, IT IS RECOMMENDED that Scott's claim for release from custody be DISMISSED WITHOUT PREJUDICE to filing a habeas petition.

To determine whether Scott may recover damages for a denial or delay of medical care by Nurse Felicia and Warden Goudeau, or excessive force by Officer Hall, service of process will be instructed in a separate Order.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Friday, May 28, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE