c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN HENRY SCOTT, JR., Plaintiff | CIVIL ACTION NO. 1:21-CV-00204 |
| VERSUS | JUDGE JOSEPH |
| C/O HALL, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Motion to Compel (ECF No. 67) filed *in forma pauperis* by *pro se* Plaintiff John Henry Scott, Jr. ("Scott") (#750028). Scott is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Elayn Hunt Correctional Center ("EHCC") in St. Gabriel, Louisiana. He seeks to compel responses to discovery propounded to Defendant Warden Ronald Goudeau ("Warden Goudeau"). Warden Goudeau opposes. ECF No. 46.

Because Scott failed to confer with counsel for Warden Goudeau before seeking relief, and because the record shows Defendants have produced their responses to Scott's discovery, Scott's Motion to Compel (ECF No. 34) is DENIED AS BOTH PREMATURE AND MOOT.

I. **Background**

Scott filed a Complaint (ECF No. 1) under 42 U.S.C. § 1983 for the alleged violation of his constitutional rights at the Rapides Parish Detention Center- ("RPDC-

3") by Defendants Officer Hall, Officer Belgard, Officer Dauzart, Officer Dauzart,[1] Officer Welch, and Nurse Felicia. Scott seeks monetary damages and release from custody.

Scott alleges he was assaulted by Officer Hall on January 26, 2020 at RPDC-3. ECF No. 1 at 3. He claims he was resting after have a seizure that morning. His bed had been stripped after officers had checked the dorm, and Scott was allegedly given another inmate's dirty sheets to put on his bed. *Id.* He objected. Scott alleges Officer Hall "started poking/pushing aggressively" at Scott's chest. *Id.* When he started to walk away, Officer Hall ordered him to step into the hallway. Scott stepped into the "cuffing cage" with his hands behind his back. He was then "thrown into [the] wall" and "slammed onto the floor." *Id.* Scott alleges that he lost consciousness, and when he regained consciousness, he was being punched in the face and head. *Id.* Scott states that knees were pressed into his back while his arms and hands were behind him. *Id.*

Scott alleges that Officers Belgard, Dauzart, Dauzart, and Welch laughed, teased, and taunted him. *Id.* Scott claims that after the attack Defendants stated "that's for the kid."[2] After the incident, Warden Goudeau asked Scott and Officer Hall what happened. He also reviewed the videotape. *Id.* at 5. Warden Goudeau then instructed Officer Hall to return Scott to his dorm, and Warden Goudeau stated

---

[1] Scott originally named Officers "Dauzarts (brothers)." ECF No. 1 at 3.

[2] Scott was involved in a motor vehicle accident that resulted in a child's death. ECF No. 1 at 5-6.

that he would "forget" about the incident. *Id.* Scott was allegedly returned to his dorm without receiving medical attention. *Id.*

After the shift change, Scott told Lt. Eldridge about his injuries, and Scott was "rushed to St. Frances Cabrini ER" by ambulance. *Id.* After examination, Scott was diagnosed with a concussion. An MRI was recommended once the swelling decreased. *Id.*

Scott alleges that he requested medical care on January 28, 2020, but Nurse Felicia said he needed to see the physician due to the extent of his injuries. *Id.* at 6. However, Scott was not seen by a physician. The following day, Scott requested to be brought to the hospital, but his request was denied. No medical care was provided. *Id.* at 7. On February 6, 2020, Scott made another sick call request. No care was provided, but the nurse stated that Scott needed to be transferred to EHCC. *Id.* On February 9, 2020, Scott alleges that he requested medical attention, but received no response. *Id.* On February 10, 2020, he was transferred to EHCC.

Scott alleges an x-ray was taken after his transfer to EHCC, which revealed fractures to the upper jaw and eye socket and the shoulder or shoulder blade. *Id.* at 8. Scott alleges that he continues to suffer from dizziness, shaking, stomach/hip pain, bloody stool, migraine headaches, jaw popping, sharp pain behind his eyes, loss of vision in his left eye, right elbow and shoulder pain, and numbness in his hand. *Id.* at 6.

On initial review, the Court ordered Scott to amend his Complaint to provide additional allegations to support his claims. ECF No. 5. The Court further ordered

that Scott cannot obtain a release from custody through a civil rights suit, that he must allege deliberate indifference by Nurse Felicia, and that he must amend to provide factual allegations against Officers Belgard, Dauzart, Dauzart, and Welch. *Id.* at 4. Scott filed an Amended Complaint (ECF No. 6), and he was again ordered to amend. ECF No. 8. On second screening, Scott's request for release from custody and all claims against Officers Dauzart, Dauzart, Welch, and Belgard were denied and dismissed. ECF Nos. 10, 13.

To determine whether Scott may recover claims for a denial or delay of medical care by Nurse Felicia or Warden Goudeau, or excessive force by Officer Hall, the Court ordered service of process through the United States Marshal Service ("USMS") on Officer Hall, Nurse Felicia, and Warden Goudeau. ECF No. 18. Defendants were ordered to file a response within 21 days after service. *Id.* at 2. The parties also were given sixty (60) days following the filing of an answer to complete all appropriate discovery. *Id.* Within 21 days of Defendants' first appearance, or within 30 days after service of the summons and complaint if no appearance, Defendants were further ordered to provide to Scott and file under seal "all medical records, warden's unusual occurrence reports, and any other documents pertinent to the issues in this case, including any medical records from any outside treatment providers." *Id.* at 5. The Court stated Scott may file a motion to compel these responsive documents if Defendants did not provide the documents within the prescribed time. *Id.*

On September 22, 2021, the USMS delivered the documents to a receptionist at the RPDC. ECF No. 21 at 1-3. On February 15, 2022, the Court ordered the USMS

4

to serve Officer Hall, Nurse Felicia, and Warden Goudeau each individually and personally. ECF No. 24. Defendants were ordered to file responses in accordance with the prior Order (ECF No. 18). *Id.*

Service was made as to Warden Goudeau and Nurse Felicia. ECF Nos. 21, 27. Service was not perfected as to Hall until September 2022. ECF Nos. 28, 58.[3] Warden Goudeau filed an Answer on April 8, 2022. ECF No. 29.[4]

On May 26, 2022, Warden Goudeau received, through counsel, discovery propounded by Scott, dated May 23, 2022. ECF Nos. 34-1 at 13, 46 at 1. On June 24, 2022, Scott filed this motion to compel discovery propounded on "Defendants" through counsel for Warden Goudeau. ECF No. 34. Warden Goudeau opposes. ECF No. 46.

II. Law and Analysis

    A. A party seeking discovery may move to compel evasive or incomplete responses.

Rule 26(b)(1) of the Federal Rules of Civil Procedure states:

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to

---

[3] Defendants were later ordered to provide Hall's last known forwarding address under seal. ECF Nos. 42, 43. On August 4, 2022, Hall was ordered to file a response to the Complaints within 21 days after service. ECF No. 49. The Court again provided that "the parties shall have a period of sixty (60) days following the filing of an answer to complete all appropriate discovery." *Id.* The Court further ordered Defendants, within twenty-one (21) of Defendants' first appearance or within thirty (30) days after service of the summons and complaint, to provide to Scott, and file under seal, his medical records, warden's unusual occurrence reports, and any other documents pertinent to the issues in this case, including medical records from any outside treatment providers. *Id.* at 3. Officer Hall filed an Answer through separate counsel on October 14, 2022. ECF No. 59.

[4] Nurse Felicia is not represented and has not made an appearance. The Clerk of Court issued a Notice of Entry of Default as to Nurse Felicia on August 10, 2022. ECF No. 51.

> relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). A court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

If a party fails to respond fully to discovery requests in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

      B.    <u>Scott's Motion to Compel (ECF No. 34) is denied as premature and as moot.</u>

Warden Goudeau opposes the motion to compel on the basis that Scott did not confer with counsel prior to filing, as required by Local Rule 37.1. ECF No. 46 at 2. Warden Goudeau argues that Scott fails to certify in his motion that conferral occurred or was attempted. *Id.* Warden Goudeau further opposes on the basis that the discovery at issue has already been answered. *Id.* at 3.

Warden Goudeau provided his written responses to Scott on June 27, 2022. ECF No. 46 at 1-2. Also, Warden Goudeau filed a Notice of Compliance, along with

27 pages of records from RPSO concerning Scott. ECF Nos. 36, 37.[5] On July 13, 2022, Warden Goudeau filed a second Notice of Compliance, along with records obtained from Rapides Parish Sheriff Mark Wood concerning Scott to include his jail file, hospital records, and transfer request. ECF Nos. 39, 40. Counsel for Warden Goudeau represented in the Notice that Scott has been provided with all records concerning him to date in compliance with the Court's Order (ECF No. 18). ECF No. 39 at 2. Warden Goudeau also mailed Scott a copy. ECF No. 39.

A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Stinson v. Edwards*, 2013 WL 3783976, at *5 (E.D. La. July 18, 2013) (citing *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981), *Beard v. Experian Info. Solutions Inc.,* 214 F. App'x 459, 462 (5th Cir. 2007)). Rule 37 requires that the movant certify that he has in good faith conferred or attempted to confer with the person or party failing to make disclosures or discovery to obtain it without court action. Fed. R. Civ. P. 37(a)(1)(a).

Here, there is no record that Scott conferred in good faith or attempted to confer with counsel for Warden Goudeau concerning any alleged incomplete discovery responses. Nevertheless, the record shows that Warden Goudeau provided records pertaining to Scott through Notices of Compliance in accordance with this Court's Order (ECF No. 18). ECF Nos. 36, 37, 39, 40. Also, counsel for Warden Goudeau provided written responses to the discovery propounded to Goudeau. ECF No. 46-2.

---

[5] Warden Goudeau represents that the documents provided in response to Scott's Requests for Production are the same documents filed with their Notice of Compliance. ECF Nos. 36, 37, 46 at 2.

Warden Goudeau has complied with his discovery obligations to Scott. Thus, Scott's motion is DENIED AS BOTH PREMATURE AND MOOT.[6]

III. Conclusion

For these reasons,

IT IS HEREBY ORDERED that Scott's Motion to Compel (ECF No. 34) is DENIED AS BOTH PREMATURE AND MOOT.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this __5th__ day of December 2022.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

---

[6] Scott did not move for attorney's fees. However, a court must award fees and costs if the motion is granted or if the requested discovery responses are provided after the motion is filed. Fed. R. Civ. P. 37(a)(5)(A). However, a court is not required to award fees and expenses if other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(iii).

Here, the Court finds that the parties shall each bear their own costs in connection with the motion as an award of fees and expenses under the present circumstances would be unjust.