a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA,
ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN HENRY SCOTT JR #750028, Plaintiff | CIVIL DOCKET NO. 1:21-CV-00204 SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| C/O HALL ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion for Summary Judgement (ECF No. 61) filed by pro se Plaintiff John Henry Scott, Jr. ("Scott") in his civil rights action under 42 U.S.C. § 1983.

Because material facts are disputed and Scott is not entitled to judgment as a matter of law, the Motion for Summary Judgment (ECF No. 61) should be DENIED.

I. Background

Scott alleges that he was assaulted by Officer Hall on January 26, 2020, at Rapides Parish Detention Center 3. ECF No. 1 at 3. Scott alleges that he was resting after having a seizure that morning. His bed had been stripped after officers checked the dorm, and Scott was allegedly given another inmate's dirty sheets to put on his bed. Id. Scott objected, and Officer Hall "started poking/pushing aggressively" at Scott's chest. Id. at 4. Scott alleges that when he started to walk away, Officer Hall ordered him to step into the hallway. Scott stepped into the "cuffing cage" with his hands behind his back. He was then "thrown into [the] wall" and "slammed onto the

floor." *Id.* Scott alleges that he lost consciousness, and when he regained consciousness, he was being punched in the face and head. *Id.*

Scott also alleges that Warden Goudeau asked him and Officer Hall what happened after the incident. He also reviewed the videotape. ECF No. 1 at 5. Warden Goudeau then allegedly instructed Officer Hall to return Scott to his dorm and stated that he would "forget" about the incident. *Id.* Scott alleges he was returned to his dorm without receiving medical attention despite his obvious injuries. *Id.* at 5.

Scott claims that he was diagnosed with a concussion, and an MRI was recommended once swelling decreased. *Id.* Scott states that he requested medical care on January 28, 2020, but Nurse Felicia said he needed to see the physician due to the extent of his injures. *Id.* at 6. However, Scott was not seen by a physician. Scott alleges that he requested to be brought to the hospital the following day, but his request was denied, and no medical care was provided. *Id.* at 7. Scott reportedly made additional sick call requests on February 6 and 9, 2020, but no medical care was provided. *Id.* On February 10, 2020, Scott was transferred to Elayn Hunt Correctional Center, where he was diagnosed with fractures to the upper jaw and eye socket and the shoulder or shoulder blade. *Id.* at 8.

Scott maints that he continues to suffer from dizziness, shaking, stomach/hip pain, bloody stool, migraine headaches, jaw popping, sharp pain behind his eyes, loss of vision in his left eye, right elbow and shoulder pain, and numbness in his hand. ECF No. 1 at 6.

## II. Law and Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "An issue is material if its resolution could affect the outcome of the action." *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000). All reasonable inferences are drawn in favor of the non-moving party. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist. *Id.*

### B. Scott has not met his burden under Rule 56.

Scott's motion is based on disputed material facts. Citing Warden Goudeau's responses to Scott's Requests for Admissions, Scott concludes that it is undisputed that Officer Hall assaulted him. Warden Goudeau stated that he had no knowledge of whether Officer Hall "attacked and beat up" Scott on January 26, 2020. ECF No. 61-2 at 2. The Warden did not admit that Officer Hall attacked Scott. His lack of knowledge and inability to admit or deny that Officer Hall assaulted and attacked Scott does not make the allegation undisputed.

Likewise, Officer Hall specifically denies using excessive force. Officer Hall attests that Scott was aggressive and reached for the officer's neck, instigating the incident. ECF Nos. 64-2; 64-3. Officer Hall maintains that he used only the force necessary to subdue Scott's active resistance. *Id.* Therefore, the circumstances surrounding the force, and the nature and extent of injuries are disputed.

Finally, it is disputed whether Scott received adequate medical care after the incident. ECF No. 64-2.

### III. Conclusion

Because the material facts outlined by Scott are disputed, and he cannot meet his burden under Rule 56, IT IS RECOMMENDED that the Motion for Summary Judgment (ECF No. 61) be DENIED and the case be set for trial.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P.

6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Friday, July 21, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE