a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN HENRY SCOTT JR, **Plaintiff** | CIVIL DOCKET NO. 1:21-CV-00204 SEC P |
| VERSUS | JUDGE EDWARDS |
| C/O HALL ET AL, **Defendants** | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court are Motions for Summary Judgement filed by Defendants Warden Goudeau (ECF No. 119) and Christopher Hall (ECF No. 120) seeking dismissal of the Complaint of pro se Plaintiff John Henry Scott, Jr. ("Scott").

Because no material facts are disputed and Defendants Goudeau and Hall are entitled to judgment as a matter of law, the Motions should be GRANTED.

### I.   Background

Scott alleges that he was assaulted by Officer Hall on January 26, 2020, at Rapides Parish Detention Center 3. ECF No. 1 at 3. Scott alleges that he'd suffered a seizure that morning and was then resting. His bed had been stripped after officers checked the dorm, and Scott was allegedly given another inmate's dirty sheets to put on his bed. *Id.* Scott objected, and Officer Hall "started poking/pushing aggressively" at Scott's chest. *Id.* at 4.

Scott alleges that when he started to walk away, Officer Hall ordered him to step into the hallway. Scott stepped into the "cuffing cage" with his hands behind his

1

back. He was then "thrown into [the] wall" and "slammed onto the floor." *Id.* Scott alleges that he lost consciousness, and when he regained consciousness, he was being punched in the face and head. *Id.*

Scott also alleges that Warden Goudeau asked him and Officer Hall what happened after the incident. He also reviewed the videotape. ECF No. 1 at 5. Warden Goudeau then allegedly instructed Officer Hall to return Scott to his dorm and stated that he would "forget" about the incident. *Id.* Scott alleges he was returned to his dorm without receiving medical attention despite his obvious injuries. *Id.* at 5.

Scott claims that he was diagnosed with a concussion, and that an MRI was recommended once swelling decreased. *Id.* Scott states that he requested medical care on January 28, 2020, but "Nurse Felicia" said he needed to see the physician due to the extent of his injuries. *Id.* at 6. However, he was not seen by a physician then. Scott alleges that he requested to be brought to the hospital the following day, but his request was denied, and no medical care was provided. *Id.* at 7. Scott apparently made additional sick call requests on February 6 and 9, 2020, but no medical care was provided. *Id.*

On February 10, 2020, Scott was transferred to Elayn Hunt Correctional Center, where he was diagnosed with fractures to the upper jaw and eye socket and the shoulder or shoulder blade. *Id.* at 8. Scott maintains that he continues to suffer from dizziness, shaking, stomach/hip pain, bloody stool, migraine headaches, jaw

2

popping, sharp pain behind his eyes, loss of vision in his left eye, right elbow and shoulder pain, and numbness in his hand. ECF No. 1 at 6.

## II. Law and Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "An issue is material if its resolution could affect the outcome of the action." *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000). All reasonable inferences are drawn in favor of the non-moving party. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other

evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist. *Id.*

    B.    <u>Scott's claims against Goudeau and Hall are unexhausted.</u>

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory, and required even where the relief sought cannot be granted by the administrative process. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). "Proper exhaustion requires that the prisoner not only pursue all available avenues of relief but also comply with all administrative deadlines and procedural rules." *Johnson v. Kukua*, 342 F. App'x 933, 934 (5th Cir. 2009).

An untimely or otherwise procedurally defective administrative grievance does not satisfy the exhaustion requirement. *Id.* Ultimately, a defendant bears the burden of proving that the inmate failed to exhaust available administrative remedies. *Cantwell v. Sterling*, 788 F.3d 507, 508–09 (5th Cir. 2015) (per curiam).

Defendants Goudeau and Hall assert that Scott failed to properly exhaust available administrative remedies. Scott does not dispute Defendants' contention that the detention center had an administrative remedy procedure in place that was available for him to pursue. ECF No. 119-3 at 8; 119-15.

However, Scott testified at his deposition that he did not recall filing an administrative grievance. ECF No. 119-10 at 15. Warden Goudeau testified by sworn declaration that Scott did not file an administrative grievance. ECF No. 119-12. And

4

according to a certified copy of jail records from Rapides Parish Sheriff's Office, Scott filed no requests for administrative remedies. ECF No. 119-6.

In opposing summary judgment, Scott makes an unsworn claim that he sent a grievance to Warden Carmouche at DC3 on March 02, 2020. ECF No. 127. Scott does not specify which claims he allegedly raised in the grievance. And this unsworn statement flatly contradicts Scott's sworn deposition testimony. The unsworn statement is not viable summary judgment evidence. But, even if it was, and even if true, Scott does not allege that he sought further review.

Therefore, it is undisputed that administrative remedies were available to Scott, and he did not fully exhaust. Exhaustion of prison grievance processes is mandatory. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Therefore, Defendants Goudeau and Hall are entitled to summary judgment on the exhaustion defense.

### C. Summary judgment should be entered as to Nurse Felicia.

Scott alleges that Nurse Felicia denied him medical care. He specifically alleges that he was refused an MRI that the hospital indicated was necessary after a concussion. Nurse Felicia did not respond to the lawsuit, and a Clerk's Entry of Default has been entered. ECF No. 51. However, no default judgment has been issued. *See* Fed. R. Civ. P. 55.

Prisoners are entitled to receive "'adequate . . . medical care.'" *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1970). "A prison official violates the Eighth Amendment's prohibition against cruel

and unusual punishment when his conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an 'unnecessary and wanton infliction of pain.'" *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). "A prison inmate can demonstrate an Eighth Amendment violation by showing that a prison official refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* at 464 (quotation omitted). Additionally, § 1997e(e) provides that "[n]o federal civil action may be brought by a prisoner confined to a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Although Scott claims that Nurse Felicia deprived him of medical care, the evidence before the court indicates that Scott was transported multiple times to Cabrini Hospital, where he received thorough diagnostic testing, including multiple radiographs of his cervical spine, head/brain, face, and elbow, all with normal findings. ECF No. 119-7. The medical records do not support his claim that he was diagnosed with a concussion or that an MRI was ordered, or even recommended. ECF No. 119-7. Scott testified by deposition that he did not recall asking for medical treatment after January 26, 2020. ECF No. 119-10 at 12. Finally, the records do not establish that Scott suffered any injury resulting from the alleged denial of care by Nurse Felicia.

A district court may grant summary judgment *sua sponte,* "'so long as the losing party has ten days notice to come forward with all of its evidence' in opposition

to summary judgment." *Love v. Nat'l Med. Enters.,* 230 F.3d 765, 770 (5th Cir. 2000) (quoting *Washington v. Resolution Trust Corp.,* 68 F.3d 935, 939 (5th Cir. 1995)). Scott has been afforded that opportunity, and far more. Based on the medical records and Scott's testimony, judgment as a matter of law should be entered as to the claim against Nurse Felicia.

### III. Conclusion

Because Scott failed to exhaust administrative remedies, IT IS RECOMMENDED that the Motions for Summary Judgment (ECF Nos. 119, 120) be GRANTED, and the claims against Defendants Goudeau and Hall be DISMISSED WITHOUT PREJUDICE under 42 U.S.C. §1997e(a). IT IS FURTHER RECOMMENDED that summary judgment be entered as to Defendant Nurse Felicia, and the claim against her be DENIED and DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915 and 1915A.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and

Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, July 16, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE